UBERTACCIO v. UBERTACCIO

[359 N.C. 175 (2004)]

CHRISTINE JANICE UBERTACCIO v. RICHARD UBERTACCIO

No. 5A04

(Filed 3 December 2004)

**Divorce— equitable distribution—phantom stock grants—proceeds as divisible property**

The opinion of the Court of Appeals in this equitable distribution case holding that the trial court did not err by requiring plaintiff wife to pay defendant a portion of the proceeds from the sale of stock she had received from her employer is affirmed for the reason stated in the concurring opinion that, although phantom stock grants to plaintiff were not vested or nonvested stock options so that the opinion in *Fountain v. Fountain*, 148 N.C. App. 328 (2002) and the coverture formula in N.C.G.S. § 50-20.1 do not apply, the trial court properly concluded that the proceeds from the stock grants constituted divisible property as set out in N.C.G.S. § 50-20(b)(4)(b) because the trial court found that the proceeds were acquired as the result of plaintiff's efforts during the marriage and before the date of separation and that the proceeds were received by plaintiff before the date of distribution.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 161 N.C. App. 352, 588 S.E.2d 905 (2003), affirming an equitable distribution judgment entered 25 June 2002 by Judge Victoria L. Roemer in District Court, Forsyth County. Heard in the Supreme Court 10 November 2004.

*C.R. "Skip" Long, Jr. for plaintiff-appellant.*

*Morrow Alexander Tash Kurtz & Porter, PLLC, by Jon B. Kurtz and John F. Morrow, for defendant-appellee.*

PER CURIAM.

For the reasons stated in Judge Levinson's concurring opinion, the decision of the Court of Appeals is affirmed.

AFFIRMED.

Justice NEWBY did not participate in the consideration or decision of this case.